UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Mark Nodeen, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 10-1416 |
| | ) | |
| Stephen Wardell, | ) | |
| Defendant | ) | |

**ORDER**

Plaintiff has filed his complaint for injunctive relief. He asserts diversity as a basis for subject matter jurisdiction. The Court has concerns about the existence of subject matter jurisdiction, as follows:

Does the *Rooker-Feldman* doctrine or a "domestic-relations exception" to subject matter jurisdiction bar assertion of federal jurisdiction over this dispute? See, e.g. Mannix v. Machnik, - F.3d -, Case No. 06-2120, 2007 WL 1958633, June 28, 2007 (7th Cir.); Gorzelanczyk v. Baldassone, - F.3d -, Case No. 01-3012, 2002 WL 378174, March 7, 2002 (7th Cir.).

In addition, the Plaintiff has named a "respondent in discovery." This procedural device is acceptable in Illinois court. See 735 ILCS 5/2-402. The Court knows of no similar devise that is acceptable in federal court. See. e.g., Stull v. YTB Internat'l Inc., - F. Supp. 2d -, Case No. 10-600GPM, 2010 WL 3702424, *3 (S.D. Ill.). As the Stull Court noted, a petition for discovery, which is what the Illinois procedure essentially is, "does not appear ... to be either a case or controversy for purposes of Article III's strictures on federal jurisdiction." Id. at *1.

Plaintiff is therefore directed to file, within 21 days of this date, a brief addressing those two jurisdictional issues.

ENTERED ON December 21, 2010

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE